**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **DONALD L. BAKER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 06-CV-182-TCK-SAJ |
| ) | |
| **US EEOC, Cari M. Dominguez, Chair, Naomi** ) | |
| **C. Earp, V. Ch., and Leslie E. Silverman, Stuart** ) | |
| **J., Ishmaru and Christine M. Griffin,** ) | |
| **Commissioners,** ) | |
| ) | |
| **Defendants.** ) | |

## ORDER

Before the Court are several pending motions, chief of which is the Defendants' Motion to Dismiss (Dkt. # 19). Plaintiff Donald L. Baker ("Baker") filed this case *pro se* on March 31, 2006. As set forth in the motion to dismiss, plaintiff appears to allege that defendants denied him due process and equal protection by not issuing a timely decision on his appeal of an employment discrimination complaint against his former employer, the United States Department of Agriculture ("USDA"). He also requests that the Court order the defendants to publish certain statistics. In particular, he contends that the EEOC has a discriminatory policy against individuals with disabilities that somehow leads other federal agencies to discriminate. Defendants move the court the dismiss that matter pursuant to Fed. R. Civ. P. 12(b)(1) for lack of jurisdiction over the subject matter and pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

Defendants' Rule 12(b)(1) motion to dismiss for lack of jurisdiction is in the nature of a facial attack, as defendants merely challenge the sufficiency of the complaint. Accordingly, the district court accepts the allegations in the complaint as true. See Paper, Allied-Industrial, Chemical

and Energy Workers Intern. Union v. Continental Carbon Co., 428 F.3d 1285, 1292 (10th Cir. 2005). Similarly, when reviewing a motion to dismiss for failure to state a claim upon which relief can be granted, the Court must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the nonmoving party. E.g., Yanaki v. Iomed, Inc., 415 F.3d 1204, 1207 (10th Cir. 2005). However, the Court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee County Board of County Commissioners, 263 F.3d 1151, 1154-55 (10th Cir. 2001). A motion to dismiss based on Fed. R. Civ. P. 12(b)(6) for failure to state a claim is properly granted when it appears beyond doubt that the plaintiff could prove no set of facts entitling him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Yanaki, 415 F.3d at 1207.

As defendants point out, plaintiff does not cite any statute as a jurisdictional basis for his claims, but the underlying administrative complaint against the USDA appears to have been brought under the Rehabilitation Act of 1973, 29 U.S.C. § 701 - 796l. The Rehabilitation Act grants federal courts the same jurisdictional powers that are afforded under Title VII of the Civil Rights Act ("Title VII"). See 29 U.S.C. § 794a. Title VII provides federal courts with three specific grants of jurisdiction. See 42 U.S.C. §§ 2000e-5(f)(3), 2000e-6(b), 2000e-16(c). Although two of these provisions, § 2000e-5(f)(3) and § 2000e-16(c), permit suit against an employing agency, none of these provisions confers jurisdiction over claims against the EEOC in its capacity as an enforcement agency. Accordingly, the Court lacks subject matter jurisdiction over plaintiff's claims.

For similar reasons, the Court finds that plaintiff has failed to state a claim upon which relief can be granted. In order for plaintiff to prevail against defendants under the Rehabilitation Act, he must demonstrate that Congress granted a right of action against the EEOC "either expressly or by

2

implication." See Transamerica Mortgage Advisors, Inc. v. Lewis, 444 U.S. 11, 15 (1979) (holding that a limited private remedy under a certain statute existed, but the Act conferred no other private causes of action, legal or equitable.) The express remedies provided under the Rehabilitation Act, 29 U.S.C. 794a, are the same as those provided under Title VII, 42 U.S.C. § 2000e-16. As set forth above, those remedies do not include suit against the EEOC for the EEOC's handling of an employment discrimination charge. In addition, no implied remedy under Title VII or the Rehabilitation Act exists for such a claim, although plaintiff may have a *de novo* cause of action against the allegedly discriminating employer. See Scheerer v. Rose State College, 950 F.2d 661, 663 (10th Cir. 1991) ("no cause of action against the EEOC exists for challenges to its processing of a claim.")[1]

Plaintiff has also failed to state a claim that his constitutional rights to due process and equal protection have been infringed. Such claim arise under the Fifth Amendment,[2] but where an agency does not adjudicate or make binding decisions, Fifth Amendment rights are not infringed. Hannah v. Larche, 363 U.S. 420, 440-42 (1960). Since plaintiff has the right to file a *de novo* lawsuit to pursue his employment discrimination claim, defendants' actions with regard to plaintiff's claim have not deprived him of any constitutional rights.

Further, plaintiff has not stated a claim for mandamus relief. He requests that the Court order defendants to issue his appeal decision and to publish certain statistics, but he has not shown

---

[1] Apparently in response to this portion of the defendants' motion, plaintiff filed suit against the USDA on September 8, 2006. See Baker v. United States Dep't of Agriculture, et al., No. 06-CV-467 TCK-SAJ (N.D. Okla. Sept. 8, 2006).

[2] In relevant part, the Fifth Amendment of the United States Constitution provides: No person shall . . . be deprived of life, liberty, or property, without due process of law; . . . . U.S. Const. Amend V.

the presence of "exceptional circumstances" warranting the "extraordinary" and "drastic" remedy of mandamus relief under 28 U.S.C. § 1361.  E.g., Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 34-35 (1980).[3]  Plaintiff has not shown the existence of any regulation or statute requiring the EEOC to issue an appeal decision within a certain time period or requiring that the EEOC publish the statistics plaintiff seeks.

Finally, plaintiff alleges that EEOC policies result in underemployment, in the federal government, of persons with disabilities, but he cites no statute as a jurisdictional basis for this claim.  Defendants surmise that plaintiff may be attempting to state a claim under section 504 of the Rehabilitation Act, which bars disability discrimination in federal programs and activities.  29 U.S.C. § 794.  However, he has not demonstrated any requirement necessary to establish a violation of that provision.  See, e.g., Nathanson v. Med. Coll. of Penn., 926 F.2d 1368, 1380 (3d Cir. 1991).  Nor has he filed any administrative complaint with the EEOC alleging disability discrimination in the EEOC's programs or activities.  See 29 C.F.R. § 1615.170.  Dismissal of plaintiffs' claims is warranted.

The Court notes that plaintiff has filed numerous pleadings other than his complaint and response to the motion to dismiss.  These include, among others, a "Motion by Complainant for Class Act Injunction Against Defendants, Enjoining them from Delaying or Denying Due Process to Disabled Americans" (Dkt. # 14); "Motion by Complainant to Compel Disclosure of EEOC Information on Due Process According to Disabled Appellants" (Dkt. # 16);[4] "Complainant's

---

[3] Plaintiff represented to the Court in a document filed July 5, 2006, that the EEOC issued its appeal decision on June 22, 2006.  See Dkt. # 18.

[4] These two motions were referred to the Magistrate Judge, and appropriately held in abeyance pending entry of an order on the Defendants' Motion to Dismiss. (See Dkt. # 28).

4

Request for Court-Appointed Legal Representation" and "Complainant's Motion to Expand of Amend the Basis of the Complaint" (Dkt. # 22); "Complainant's Motion to Expand the Cause/Basis of the Case" (Dkt. # 34); and "Complainants' Amended Motion to Expand the Cause/Basis of the Case" (Dkt. # 35).[5] These documents generally allege more details of plaintiff's dissatisfaction with the EEOC's decision and its handling of his complaint of discrimination against the USDA. However, the additional allegations do not cure the deficiencies set forth in the Motion to Dismiss, *i.e.*, the Court's lack of subject matter jurisdiction and the plaintiff's failure to state a claim.

With regard to the motions to amend in particular, the Court acknowledges that Rule 15(a) of the Federal Rules of Civil Procedure permits amendment of pleadings with leave of the Court and provides that "leave shall be freely given when justice so requires." See, e.g., Gillette v. Tansy, 17 F.3d 308, 312 (10th Cir. 1994). However, the rule allows a judge to deny a motion to amend because of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." Moore v. Reynolds, 153 F.3d 1086, 1116 (10th Cir. 1998) (citations omitted). Permitting plaintiff to amend his complaint to add additional allegations against these defendants for the EEOC's decision on plaintiff's administrative appeal would be an exercise in futility and serve only to diminish the Court's efficiency in handling an overcrowded docket. For the same reason, the Court sees no valid reason to appoint an attorney for plaintiff in a civil case.

---

[5] The defendants have also filed a Motion to Vacate Order for Joint Status Report (Dkt. # 31), which is moot because the parties subsequently filed a Joint Status Report (See Dkt. # 40).

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss (Dkt. # 19) is hereby **granted**; all other pending motions are either **denied or moot**. This case is hereby terminated.

Dated this 24th day of October, 2006.

*/s/ Terence Kern*
_____
TERENCE KERN
UNITED STATES DISTRICT JUDGE